IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Steven E. Shaw,<br>130 N Preston Road<br>Prosper, TX 75078,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Department of Defense<br>1000 Defense Pentagon<br>Washington, DC 20301-1000,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

Plaintiff Steven E. Shaw (hereinafter "Plaintiff") brings this action against the Department of Defense (hereinafter DoD or "Defendant") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Shaw was an officer in the United States Navy.

4. Defendant, DoD, is an agency within the meaning of 5 U.S.C. § 552(f) that is in possession and/or control of the records requested by Plaintiff that are the subject of this action.

**STATEMENT OF FACTS**

5.  In 2018, as a Lieutenant (LT) in the United States Navy, Plaintiff filed a Whistleblower Reprisal complaint with the DoD Office of the Inspector General ("OIG"), alleging that his command engaged in an orchestrated effort to destroy his Naval Aviation career when they learned he had made protected communications regarding certain illegal and racial discriminatory practices being engaged by the command.

6.  On June 12, 2019, the DoD OIG notified Plaintiff that it had substantiated his allegations of reprisal. Accordingly, on June 13, 2019, Plaintiff requested, pursuant to FOIA, "[C]opies of any and all summaries of interviews conducted, documents acquired, and any reports or memorandums created during the course of the following Whistleblower Investigations with regards to LT Steven Shaw, USN: 20180516-051435-CASE-01; 20180516-051435-CASE-02; and 20180516-051435-CASE-03."

7.  The same day, Plaintiff received e-mail confirmation that his FOIA request was received and assigned tracking number 2019-000809, with an estimated completion date of July 17, 2019.

8.  On February 12, 2020, Plaintiff received an email from DoD OIG informing him that his request was placed in the agency's complex processing queue due to the volume of potentially responsive files that Plaintiff's original FOIA request yielded. In this email, DoD OIG inquired whether Plaintiff desired to narrow the scope of his request. If he did not agree to narrow the scope, processing was anticipated to be completed within 8 to 12 months of Plaintiff's request unless circumstances changed in a manner that expedited or delayed the process.

9. Fifteen months after the FOIA request was submitted, Plaintiff emailed DoD OIG regarding the status of the request. In the agency's response, dated September 22, 2020, DoD OIG refused to provide a time frame for completion. Contrary to its email of February 12, 2020, DoD OIG reasoned that because Plaintiff declined to narrow the scope of his FOIA request, it was no longer able to respond to him in a timely matter.

10. As of the date of this complaint, DoD OIG has failed to: (i) make any determination regarding Plaintiff's request; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek judicial review should the adverse determination be upheld.

## COUNT

### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

11. Plaintiff incorporates paragraphs 5 – 10 as if fully stated herein.

12. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), DoD is required to make the determinations listed in ¶10 within 20 working days of receipt of the request.

13. Nearly three years later, Defendant has failed to make these determinations.

14. Defendant is unlawfully withholding records requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without making a reasonable effort to make the records promptly available to Plaintiff and without providing any rational justification for failure to comply with the requirement.

15. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records pursuant to Plaintiff's FOIA requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 13, 2022

                                           Respectfully submitted,

                                           /s/ Carol A. Thompson
                                           Carol A. Thompson
                                           DC Bar No. 1658143
                                           Federal Practice Group
                                           1750 K Street, N.W., Suite 900
                                           Washington, D.C. 20006
                                           Telephone: 202-862-4360
                                           cthompson@fedpractice.com

                                           *Counsel for Plaintiff*